UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES CRAWFORD, individually,

        Plaintiff,

v.

AVENUE A CORNER OWNER, L.L.C. and
CALAB, L.L.C.,

        Defendants.
_____/

Case No. _____

## COMPLAINT

Plaintiff, JAMES CRAWFORD, by his undersigned counsel, hereby files this Complaint and sues, AVENUE A OWNER, L.L.C., and CALAB, L.L.C. (hereinafter the "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2. Plaintiff, James Crawford, currently resides in Brooklyn, New York, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Mr. Crawford, has a spine injury to the T 11 and T 12. As a result James is bound to ambulate in a wheelchair. He has visited the property, which forms the basis of this lawsuit and plan to return to the property to avail himself

1

of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the complaint.

3. Defendant, Avenue A Corner Owner, L.L.C., is a limited liability company authorized to do business in the State of New York and within this judicial district. Defendant is the owner/ lessor, of the real property and improvements located at 505 East 12th Street, New York, N.Y. which is the subject of this action and is known as the Double Wide Bar. (hereinafter the "facility").

4. Defendant Calab, L.L.C. is a limited liability company authorized to do business in the State of New York and within this judicial district. Defendant is the lessee of the real property and improvements located at 505 East 12th Street, New York, N.Y, and the owner/operator of the Double Wide Bar located at the premises

5. The Defendants' facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

6. In this instance, Mr. Williams, visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

7. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

8. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Eastern District.

## FACTUAL ALLEGATIONS AND CLAIM

9. Mr. Williams has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

10. Mr. Williams intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

11. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

12.     Defendant has discriminated against Mr. Williams by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

> I. There is a raised curb at the entrance door which acts as a barrier to entrance as no ramp is provided in violation of ADAAG 206,206.4, 206.4.1 and303.4.
> II. There is a raised step at the entrance door which acts as a barrier to entrance as no ramp is provided in violation of ADAAG 206,206.4, 206.4.1 and303.4.
> III. The required minimum maneuvering clearance is not provided at the main entrance door opening of either leaf of the double leaf door in violation of ADAAG 404.2.4 and 404.2.4.4.
> IV. There is a non- compliant change in level within the required maneuvering clearance at the entrance door in violation of ADAAG 404.2.4 and 404.2.4.4.
> V. There is a raised step at the second entrance door which acts as a barrier to entrance as no ramp is provided in violation of ADAAG 206,206.4, 206.4.1 and303.4.
> VI. The required minimum maneuvering clearance is not provided at the second entrance door, in violation of ADAAG 404.2.4 and 404.2.4.4.
> VII. The required minimum maneuvering clearance is not provided at the second entrance door opening in violation of ADAAG 404.2.4 and 404.2.4.4.
> VIII. There is a non-compliant door knob which requires twisting to open in violation of ADAAG 404.2.7 and 309.4.
> IX. There are not enough accessible dining room tables provided and the ones presently in the dining room do not provide the required knee and toe clearance in violation of ADAAG 226. 902.2, and 306.2.5.
> X. There is an inaccessible bar which is too high and does not provide the required knee and toe clearance in violation of ADAAG 306.3.
> XI. The two Restrooms located in the restaurant are non-compliant and contain the following barriers:
> Restroom 1
> XII. The required minimum clear width is not provided at the door opening to the restroom in violation of ADAAG 404.2.3.
> XIII. The required minimum maneuvering clearance is not provided at the door in violation of ADAAG 404.2.4.
> XIV. The door swings into the required clear floor space of the fixtures in violation of ADAAG 603.2.3.

XV. The restroom is inaccessible as the minimum required clear floor space required is not provided in violation of ADAAG 606.2 and 305.3.
XVI. The required knee and toe clearance is not provided in violation of ADAAG 606,306.2.5 and 306.3.
XVII. There is an inaccessible paper towel dispenser which is mounted too high in violation of ADAAG 606.1.
XVIII. The required minimum clearance is not provided at the water closet in violation of ADAAG 604.3.
XIX. There are no rear and side grab bars in violation of ADAAG 604.5.

<u>Second Restroom</u>

XX. The restroom door opens into the required clear floor space of fixtures in violation of ADAAG 603.2.3.
XXI. The required minimum clear width is not provided at the opening of restroom door in violation of ADAAG 404.2.3.
XXII. The required minimum maneuvering clear floor space is not provided at the water closet in violation of ADAAG 604.3 and 604.3.1.
XXIII. The required rear wall grab bar is not provided and the side grab bar too small in violation of ADAAG 604.5 and 604.5.1.
XXIV. There is no required minimum toe and knee clearance at the lavatory in violation of ADAAG 606.2, 306.2, 306.2.3 and 306.3.3
XXV. The required minimum clear floor space is not provided at the lavatory in violation of ADAAG 606 and 606.2.
XXVI. The required minimum toe and knee clearance is not provided at the lavatory in violation of ADAAG 606 and 306.2.
XXVII. The paper towel dispenser is mounted too high in violation of ADAAG 308.3.2.

13. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

14. Mr. Crawford has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by

5

Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

15. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

16. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

17. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

18. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff  respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed,

6

and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

                                           Respectfully submitted,

                                           *s/ Jennifer E. Tucek, Esq.*
                                           Law Office of Jennifer Tucek, Esq..
                                           *Attorney for Plaintiff*
                                           Bar No. JT2811
                                           201 East 87th Street
                                           Suite 9H
                                           New York, N.Y. 10128
                                           Ph: (212) 669-6991